Taft, J.
As the statement of the case indicates, the record of the Court of Appeals raises some doubt as to whether there was anything pending before that court after the dismissal of the appeal by the defendant, which apparently took place on June 26. Although it now urges that dismissal as a reason for denying defendant relief, the state made no such argument in its briefs in the Court of Appeals. It is not clear from the record whether that dismissal took place on June 26 or was only journalized by the clerk on that date. Furthermore, it is apparent from the record of the Court of Appeals that even after July 12 the court and both parties consistently regarded the case as still pending on defendant’s motion of June 19 for leave to appeal. Some light is cast on what apparently occurred in the Court of Appeals by Section 2953.05, Revised Code, which reads in part:
“Appeal * * * may be filed as a matter of right within 30 days after sentence and judgment. After 30 days from sentence and judgment, such appeal may be filed only by leave of the court or of two of the judges thereof.”
The appeal initiated by the notice of appeal of April 17 was “filed as a matter of right within 30 days.” That is obviously what defendant intended to dismiss in June. Apparently, the reason for dismissal of that appeal was the inability of defendant, prior to the time of dismissal, to get a transcript of the *284 evidence at the trial without advancing the money to pay for it. The necessity for such a transcript is indicated by the specification in defendant’s motion for a new trial “that the verdict is not sustained by sufficient evidence and is contrary to law” and by the provisions of Section 2945.65, Revised Code, that “if exceptions are taken to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill [of exceptions] must contain all of the evidence.”
There is nothing definite in the record before us, except possibly the brief specifications in the motion for a new trial, to indicate what errors defendant intends to raise on appeal or whether a transcript of the evidence at the trial is necessary to exemplify any claim of error. If nothing more with reference to such claimed errors and the necessity of such a transcript was disclosed to the Court of Appeals, it would have been fully justified in refusing defendant any leave to appeal. However, we do not know what was disclosed to that court, and a reading of the cases cited in its journal entry indicates that it refused leave to appeal only because defendant had no right to a transcript of the evidence at the trial without paying for it in advance. If the Court of Appeals erred in holding that defendant had no such right, then its judgment must be reversed and the cause remanded to it for a determination as to whether any of the errors which plaintiff claims are such as to justify granting defendant leave to appeal and, if they are, whether there is any apparent need of a transcript of the evidence in the bill of exceptions in order to exemplify any such claimed error.
The question of whether defendant is or is not an indigent is, under the applicable statutes, not material. We find no ambiguity whatever in the language of Section 2301.24, Revised Code, reading that “compensation for transcripts made in criminal cases, by request of * * * the defendant * * * shall be paid from the county treasury, and taxed and collected as other costs.” As we view it, “when shorthand notes have been taken,” as provided in Section 2301.20, Revised Code, Section 2301.24, Revised Code, gives any defendant in a criminal case the right to have a full transcript of the evidence without first paying for it.
*285 The transcript referred to in Section 2953.03, Eevised Code, is not the transcript of the evidence taken by the shorthand reporter at the time of trial. As the words of the statute indicate, that is another kind of transcript. Anyone familiar with the trial of law suits knows that the cost of that kind of transcript is usually not very substantial, so that the requirement of “tender of the proper fee” for it by a defendant would rarely if ever represent any substantial interference with his right to appeal as might the requirement of prepayment with respect to the usually expensive transcript of the evidence dealt with in Sections 2301.23, 2301.24 and 2301.25, Eevised Code.
In this court, the state contends that the question, whether defendant was entitled without first paying for it to a transcript of the evidence for use in her bill of exceptions, has not been properly raised by defendant’s motion for leave to appeal from the final order of March 21. However, the Court of Appeals apparently determined that it was, and the briefs of the state in the Court of Appeals do not indicate any such contention by the state but indicate the state’s opposition there only “for the reasons that the defendant is not indigent and has no reasonable grounds for appeal.”
The judgment of the Court of Appeals is reversed and the cause is remanded to that court for determination as to whether the errors claimed by defendant and the necessity of a transcript of the evidence at the trial in order to exemplify those errors are such as to justify the granting of defendant’s motion for leave to appeal.

Judgments reversed.

Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.